THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:04-cr-00043-MR-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BILLY EUGENE PROFFITT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to amend the Judgment and modify the Defendant's obligation to pay his court-appointed counsel fee. [Doc. 369].

The Defendant was convicted of conspiracy to manufacture and to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 172]. He was sentenced in May 2005 to a term of 190 months' imprisonment and ordered to pay $1,719.00 in restitution and to pay his court-appointed counsel fees. [Id.]. On June 15, 2015, this Court reduced the Defendant's sentence to time served pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. [Doc. 343]. All other provisions of the Defendant's Judgment remained in effect. [Id.].

The Defendant now moves for the Court to modify his obligation to pay his court-appointed counsel fees. [Doc. 369].

The Defendant does not cite to any authority by which the Court can now modify the requirement to reimburse the court-appointed fees, and the Court is not aware of any such authority. While the Court may modify a fine or special assessment based on a showing that reasonable efforts to collect are not likely to be effective, see 18 U.S.C. § 3573, a motion pursuant to § 3573 must be filed by the Government, see United States v. Roper, 462 F.3d 336, 341 (4th Cir. 2006) (holding that court may not remit without motion of government). Further, while the Fourth Circuit recently held that a reimbursement determination must be premised upon a finding of "specific funds, assets, or asset streams" available to the defendant, United States v. Moore, 666 F.3d 313, 322 (4th Cir. 2012), the Court is not aware of any case applying the requirements of Moore retroactively.

Even if there were an avenue by which the Court could afford relief, the Defendant has not provided a financial affidavit from which the Court could determine whether modification of the monthly payment amount would even be warranted in this case.

For the foregoing reasons, the Court finds that the defendant has not established that he is entitled to relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 369], which the Court construes as a motion to amend the Judgment and modify the Defendant's obligation to pay his court-appointed counsel fee, is **DENIED.**

**IT IS SO ORDERED.**

Signed: March 2, 2018

Martin Reidinger
United States District Judge